UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT MURRAY,

    Plaintiff,                        Case No. 1:11-cv-1045

v.

HANNA M. GUERNSEY et al.,         Honorable Gordon J. Quist

    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and he has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants McDonnell and Phillips. The Court will serve the complaint against Defendant Guernsey.

## Discussion

    I.      Factual allegations

Plaintiff is a prisoner incarcerated with the Michigan Department of Corrections (MDOC) and is housed at the Richard A. Handlon Correctional Facility (MTU).[1] Plaintiff sues the

---

[1] In the complaint, Plaintiff refers to MTU as the "R.A. HANDLON TRAINING UNIT." (*See* Compl., docket #1.)

following employees of MTU: Dental Assistant Hanna M. Guernsey, Dentist Gerald McDonnell and Acting Regional Dental Director Elizabeth Phillips.

In his *pro se* complaint, Plaintiff alleges that between March of 2010 and February 24, 2011, he repeatedly sent requests to the MTU dental clinic complaining about constant pain and the need for his teeth to be fixed. Defendant Guernsey was responsible for answering inmate health care request forms and scheduling dental appointments. Plaintiff contends that each of his requests was met with "snide indifference" by Defendant Guernsey. (Compl. ¶ 10, docket #1.) On January 24, 2011, Guernsey responded to a health care request regarding extreme pain and swelling in Plaintiff's teeth. She advised Plaintiff to purchase pain medication from the prison store, though Plaintiff alleges that the prison store does not stock pain medication.

On February 9, 2011, Plaintiff was seen by Dentist McDonnell, who drilled out what was left of the tooth about which Plaintiff had been complaining because it had "almost completely rotted away." (Compl. ¶ 13.) Plaintiff alleges that McDonnell negligently failed to conduct even a "cursory examination" of Plaintiff's other teeth. (*Id.*) If he had, he would have seen that another tooth was beginning to rot.

On February 25, Plaintiff received another answer from Guernsey regarding another health care request in which Plaintiff complained about pain and swelling in one of his teeth. Her reply stated, "'Scheduled as time permits.'" (Compl. ¶ 12.)

On March 4, Defendant McDonnell surgically removed another one of Plaintiff's teeth, telling Plaintiff, "'That was quite a large hole in your tooth. I can see how it would have caused you pain.'" (Compl. ¶ 15.) Plaintiff contends that, absent McDonnell's prior negligence, there would not have been a large hole in Plaintiff's tooth.

On March 31, Defendant Phillips summarized Plaintiff's treatment, stating, "Grievant[] has been on the restorative prophylaxis list. Grievant's[] dental prophylaxis was completed." (Compl. ¶ 16.)

Plaintiff contends that Defendants denied him his right to due process and redress, in violation of his rights under the First and Fourteenth Amendments, and denied him adequate dental care, in violation of his rights under the Eighth Amendment, Article IV of the Michigan Constitution, and MICH. COMP. LAWS §§ 791.203, 791.206 and 750.337. Plaintiff seeks declaratory and injunctive relief as well as damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor

maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

1. Defendant Guernsey

Plaintiff contends that Guernsey failed to respond to Plaintiff's request for care regarding pain in his teeth from as early as March 2010 through February 2011. The Court concludes that Plaintiff's allegations against Guernsey are sufficient to warrant service of the complaint.

2. Defendant McDonnell

Plaintiff alleges that McDonnell drilled a rotted tooth out of Plaintiff's mouth in February 2011, but failed to conduct a sufficiently thorough examination of Plaintiff's other teeth. If Defendant had conducted such an examination, he would have seen that another tooth was beginning to rot. Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Plaintiff's allegations against McDonnell state, at best, a claim of negligence in diagnosing or treating a problem in Plaintiff's teeth at the time of the first surgery. Such conduct

does not rise to the level of an Eighth Amendment violation. Though McDonnell did not provide the level of care that Plaintiff would have liked, there is no indication that McDonnell was aware of, and deliberately indifferent to, the condition of Plaintiff's other tooth. *See Farmer,* 511 U.S. at 837. Even assuming McDonnell had been aware that the other tooth was beginning to rot, he treated it in March 2011, within a few weeks after the first surgery. Consequently, Plaintiff fails to state an Eighth Amendment claim against McDonnell.

### 3. Defendant Phillips

Plaintiff contends that Phillips, the regional director for dental care, failed to protect his dental health. Plaintiff's allegations against Phillips are insufficient to state an Eighth Amendment claim. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. 1937 at; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Because Plaintiff has not alleged that Defendant Phillips engaged in any active unconstitutional behavior with respect to his medical care, he fails to state an Eighth Amendment claim against her.

### B. Due Process (Fourteenth Amendment)

Plaintiff further alleges Phillips failed to conduct a proper investigation into Plaintiff's grievances. To the extent Plaintiff contends that Defendant Phillips violated his right to due process, he does not state a claim. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Phillips's conduct did not deprive him of due process.

### C. State law

Plaintiff also contends that Defendants violated Article IV of the Michigan Constitution, as well as MICH. COMP. LAWS §§ 791.203, 791.206 and 750.337. To the extent Defendants violated any of the foregoing statutes or laws, Plaintiff does not state a federal claim. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

To the extent Plaintiff raises a state law claim against Defendants McDonnell and Phillips, the Court declines to exercise its supplemental jurisdiction over such claims. The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the

state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). Furthermore, the state statutes that Plaintiff alleges were violated are unrelated to the federal issues. Commingling the state law claims with the federal claims would lead to undue confusion.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants McDonnell and Phillips will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Guernsey.

An Order consistent with this Opinion will be entered.


Dated: November 17, 2011                         /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE