UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT MURRAY,

        Plaintiff,                                 Case No.  1:11-cv-1045

v.                                                 HON. GORDON J. QUIST

HANNA M. GUERNSEY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION**

On May 31, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (docket no. 13) recommending that Defendant Hanna Guernsey's Motion for Summary Judgment (docket no. 9) be granted, that the state claims alleged by plaintiff be dismissed pursuant to 28 U.S.C. § 1367(c)(3), and that this case be dismissed. Plaintiff filed Objections to the R & R. (Docket no. 14.) "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court adopts in part and rejects in part the R & R. Yet, Guernsey's Motion for Summary Judgment will still be granted, Plaintiff's state law claims will be dismissed, and the case will be dismissed.

**I.**      **Plaintiff's Objections**

      **A.**      **Exhaustion of Administrative Remedies**

The R & R concluded that Guernsey's motion for summary judgment should be granted because Plaintiff failed to properly exhaust his administrative remedies against Guernsey. The R & R said that Plaintiff's grievance did not comply with MDOC's policy that the grievance include

the "[d]ates, times, place and names of all those involved in the issue being grieved." (R & R at 6 (citing MDOC Policy Directive 03.02.130 ¶ R).) Specifically, in the sole grievance that Plaintiff exhausted, Plaintiff did not identify Guernsey or any other particular person, but simply referred to "dental." (*Id.*) Besides not naming Guernsey in the grievance, Plaintiff did not allege any of the factual allegations that form the basis of his § 1983 complaint against Guernsey. (*Id.*) In addition, the R & R said that "there is no evidence that the MDOC construed plaintiff's vague grievance as incorporating claims against defendant Guernsey." (*Id.* at 6-7.) Plaintiff argues that he properly exhausted his claim against Guernsey.

The Prison Litigation Reform Act exhaustion requirement "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A claim is considered properly exhausted after a prisoner invokes one complete round of a prison's grievance procedures and receives a merits-based response at each step. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010). The procedural bar does not apply where the State declines to enforce its own procedural rules. *Id.* at 325. Here, prison officials declined to enforce MDOC's policy that a prisoner filing a grievance include the name of individuals in the initial grievance. In addition, Plaintiff received a merits-based response at each step: the grievance responses conclude that Plaintiff received dental care that conformed to MDOC policy and procedure. (Docket no. 11-1 at 5.) Therefore, Guernsey cannot now assert that Plaintiff did not properly exhaust his administrative remedies for failing to name particular individuals. This was the exact issue confronted in *Reed-Bey* and the same outcome reached by the Sixth Circuit. *Id.* at 324-26 (finding that a plaintiff properly exhausted his administrative remedies despite failing to name a single individual in his initial grievance because the plaintiff received a merits-based response to his grievance). Thus, Plaintiff properly exhausted his administrative remedies before filing his complaint against Guernsey.

In addition, Plaintiff's allegations against Guernsey are the same allegations addressed in the grievance. His grievance complained that "dental" ignored his Health Care Requests for a lengthy period of time. (Docket no. 11-1 at 2.) Moreover, Plaintiff grieved that his pain medications were insufficient. (*Id.*) Similarly, Plaintiff's complaint states that Guernsey treated Plaintiff's health care requests with "snide indifference" and that Guernsey lied to Plaintiff regarding his ability to receive pain medication at the prison store. (Docket no. 1 at ¶¶ 10-12.) Thus, in this Court's opinion, the merits-based response that Plaintiff received from his grievance addresses the same allegations made towards Guernsey in Plaintiff's complaint. Therefore, Plaintiff's objection is granted and the Court declines to adopt this portion of the R & R.

**B.     Amending Complaint against Defendant Phillips**

Plaintiff also objects that he should be allowed to amend his complaint against Defendant Phillips. First, Plaintiff has not filed an amended complaint and, therefore, the Court cannot determine whether an amended complaint would be futile. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906-07 (6th Cir. 2007). Second, if Plaintiff seeks to amend for the reasons in his objections, Plaintiff's motion for leave to amend will be denied. Plaintiff reiterates that his allegations towards Phillips are based upon Phillips' response to Plaintiff's grievance. (Pl.'s Objections at 4.) However, as this Court said when it dismissed Phillips, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 200 (6th Cir. 1999). Therefore, insofar as Plaintiff's objection is a request to amend his complaint, his objection is overruled.

## II. Unaddressed Portions of Defendant's Motion for Summary Judgment

### A. Qualified Immunity

Guernsey also moved for summary judgment on the ground that she was entitled to qualified immunity. Guernsey "maintains that plaintiff has failed to show the violation of a clearly established constitutional right, and that all of her actions were objectively reasonable under the circumstances." (Docket no. 10 at 12-13.)

"Once a defendant raises qualified immunity, the burden is on the plaintiff to demonstrate that the official is not entitled to qualified immunity." *Simmonds v. Genesee Cnty.*, — F.3d —, 2012 WL 2290981, at *4 (6th Cir. June 19, 2012) (quotation and alteration omitted). "To defeat the qualified immunity bar, a plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant committed the acts that violated the law." *Id.* (citation omitted). "As the qualified immunity inquiry arises in the summary judgment context, to create the requisite genuine issue of material fact, the plaintiff must raise 'disputes over facts that might affect the outcome of the suit under the governing law . . . .'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Such a dispute is only considered a genuine issue "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

"To satisfy the first *Saucier* prong and establish a constitutional violation to defeat the [defendant's] claim of qualified immunity, [the plaintiff] is obliged to present facts which if true would constitute a violation of clearly established [constitutional] law." *Id.* at *6 (quotation omitted). Plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

    1.  Eighth Amendment Claim

Plaintiff must show that Guernsey was deliberately indifferent to Plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976). An Eighth Amendment claim of inadequate medical care has two prongs, an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With regard to the subjective component, Plaintiff must show that Guernsey had "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

Previously, this Court allowed Plaintiff's Eighth Amendment claim against Guernsey to proceed because of the allegations in Plaintiff's complaint. In Plaintiff's complaint, he states that Guernsey "is responsible for answering inmate Health Care Request Forms and with scheduling inmate dental appointments, and assisting the dentist when needed." (Compl. ¶ 6.) On or about March 24, 2010, through around February 24, 2011, Guernsey allegedly received Plaintiff's Health Care Requests, which complained of being in constant pain, with "snide indifference." (*Id.* ¶ 10.) In addition, around January 24, 2011, Guernsey responded to one of the requests by telling Plaintiff to purchase pain medication from the Prisoner Store, even though Guernsey knew that Plaintiff supposedly could not purchase pain medication from the prisoner store. (*Id.* ¶ 11.) Last, on February 25, 2011, Guernsey allegedly replied to one of Plaintiff's requests with "Scheduled as time permits." (*Id.* at ¶ 12.)

Plaintiff's allegations in his complaint, by themselves, are insufficient to withstand summary judgment. *See Simmonds*, — F.3d —, 2012 WL 2290981, at *6 (citing *Celotex*, 477 U.S. at 324,

106 S. Ct. at 2553). However, two of Plaintiff's motions have been submitted in the form of affidavits, (docket nos. 11 & 14), along with an exhibit (the responses to his grievance), (docket no. 11-1), both of which are forms of evidence that can be considered for purposes of refuting Guernsey's instant motion. *See id.* However, the properly considered evidence expressly refutes Plaintiff's allegations that Guernsey acted with deliberate indifference to Plaintiff's serious medical needs.

In one affidavit, Plaintiff states that "Defendant Guernsey processed plaintiff['s] repeated requests for treatment to his serious medical needs." In other words, Guernsey was not indifferent to his needs; she processed Plaintiff's requests in accord with her responsibilities. In addition, according to Plaintiff's exhibit, he had the following dental work scheduled and completed:

> Grievant has been on the restorative and prophylaxis list as of March 1, 2010. On September 21, 2010 grievant has [sic] his dental examination and on September 22, 2010 grievants [sic] dental prophylaxis was completed. On February 9, 2011 grievants [sic] fillings were completed. On March 4, 2011 grievant was called out for extraction of tooth #16.

(Docket no. 11-1 at 5.) Furthermore, Plaintiff's exhibit indicates that the Acting Regional Dental Director thought that MDOC's "policy and procedure" had been followed. (*Id.*) All of these events occurred during the time that Guernsey *allegedly* acted with "snide indifference." But of course, such evidence expressly refutes the allegation that Guernsey acted with snide indifference, rather a reasonable jury could only find that Guernsey did not act with deliberate indifference to Plaintiff's dental needs; the evidence indicates that Guernsey "processed" Plaintiff's requests and scheduled Plaintiff to have his dental work completed, which was, in fact, completed.

Plaintiff's allegations tell a very different story than the evidence that he submits. The crux of Plaintiff's complaint is that Guernsey and the dental department delayed giving him dental treatment over too long of a period. Even if it can be said that such prolongation amounts to the

denial of serious medical needs that rises to the level of an Eighth Amendment claim, Plaintiff's affidavits and exhibit contain no evidence that Guernsey, as opposed to someone else in the dental department or the general lack of prison services, caused the lengthy denial of services. Rather, and as discussed above, Plaintiff's evidence refutes the contention that Guernsey caused any delay: Plaintiff alleges that Guernsey began ignoring Plaintiff's requests in March 2010, (compl. ¶¶ 10, 21), but Plaintiff's evidence shows that he was put on the restorative and prophylaxis list in March 2010, (docket no. 11-1 at 5); Plaintiff alleges that Guernsey responded to a Health Care Request on January 24, 2011, (compl. ¶ 11), and Plaintiff's evidence shows that he received fillings a short time later, (docket no. 11-1 at 5); Plaintiff alleges that Guernsey advised him to get non-existent pain medication from the prison store, (compl. ¶ 11), but his pre-lawsuit grievance states that Plaintiff had access to pain medications from the prison store, (docket no. 11-1 at 2); Plaintiff alleges that Guernsey responded to a Health Care Request on February 25, 2011, (compl. ¶ 12), and Plaintiff's evidence shows that he received dental care a short time later, on March 4, 2011. In sum, the evidence provided by Plaintiff shows that Guernsey performed her duties by scheduling treatment for Plaintiff and that she did not cause a delay in Plaintiff's dental care. Therefore, Guernsey did not exhibit a deliberate indifference to Plaintiff's serious medical needs.[1]

Guernsey is entitled to qualified immunity because Plaintiff has not met his burden to come forth with evidence that creates a genuine issue whether Guernsey acted with deliberate indifference to Plaintiff's serious medical needs. Hence, Plaintiff's claim against Guernsey in her individual capacity will be dismissed.

---

[1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss *at any time* any prisoner action if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2) (emphasis added); 42 U.S.C. § 1997e(c). Accordingly, Plaintiff's claim against Guernsey in her official capacity also will be dismissed because of Plaintiff's complete lack of evidence of any wrong-doing or deliberate indifference by Guernsey.

2. Due Process Claim

In the Complaint, Plaintiff alleges that Guernsey violated his right to due process by failing to schedule Plaintiff for a dental examination. Plaintiff does not, however, in response to Guernsey's assertion of qualified immunity, argue that Guernsey violated Plaintiff's right to due process. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quotation omitted)). Therefore, Plaintiff has not demonstrated that Guernsey is not entitled to qualified immunity. *See Simmonds*, — F.3d —, 2012 WL 2290981, at *4. Accordingly, Plaintiff's due process claim against Guernsey will be dismissed.[2]

**B.  Eleventh Amendment Immunity**

To the extent that Plaintiff seeks monetary damages from Guernsey in her official capacity, his claim is barred by the Eleventh Amendment. *See Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011); U.S. Const. Amend. XI. Therefore, Plaintiff's claims against Defendant Guernsey in her official capacity seeking monetary damages will be dismissed because the claims are barred by the Eleventh Amendment.[3]

**III.  State Law Claims**

Even though this Court rejected the R & R's analysis regarding administrative exhaustion, this Court has also concluded, like the R & R, that all of Plaintiff's federal claims should be dismissed. Thus, the Court adopts the R & R insofar as it recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims will be dismissed. Since no claims will remain, the case will be dismissed. Therefore,

---

[2] Similar to Footnote 1, *supra*, Plaintiff's due process claim against Guernsey in her official capacity also will be dismissed because it has no factual basis and is without legal support.

[3] In addition, Footnotes 1 and 2 are separate bases to dismiss the claims against Guernsey in her official capacity.

8

**IT IS HEREBY ORDERED** that Plaintiff's Objections (docket no. 14) are **granted in part** and **overruled in part**. Plaintiff's Objection that Plaintiff's claim against Guernsey was not administratively exhausted is **granted**. Plaintiff's Objections are **overruled** in all other regards.

**IT IS FURTHER ORDERED** that the R & R (docket no. 13) is **rejected in part** and **adopted in part**. The R & R is **rejected** insofar as it recommends that Plaintiff did not administratively exhaust his claim against Guernsey. The R & R is **adopted** in all other regards.

**IT IS FURTHER ORDERED** that Defendant Guernsey's Motion for Summary Judgment (docket no. 9) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint (docket no. 1) is **dismissed**.

A separate Judgment will be entered.

This case is concluded before this Court.


Dated: June 26, 2012 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE